**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FENGWEI SHU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-01643 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GRAND DI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.      MEMORANDUM**

Plaintiff Fengwei Shu's Motion for Preliminary Injunction (Doc. 5) will be granted.

**A.  Plaintiff has Demonstrated that a Preliminary Injunction is Warranted**.

Plaintiff seeks to enjoin certain "foreign-based entities that operate pseudo-anonymous online commerce storefronts" "hosted by online commerce platforms including, but not limited to, Amazon.com, Wal-Mart.com/Walmart.com, Alibaba.com and Temu.com."  Pl.'s Preliminary Inj. Br. (Doc. 6) at 1.  Plaintiff alleges that Defendants ("Grand Di Defendants")[1] sell unauthorized derivative knockoff versions of Plaintiff's Inflatable Flamingo Floater and infringe the claimed design of the United States Patent No. 858,674, which was issued on September 3, 2019, and claims an "ornamental design for an inflatable flamingo ring toss toy."  Pl.'s Reply (Doc. 29) ECF banner p. 2; *see also* Pl.'s Preliminary Inj. Br. 1; Shu Decl. (Doc. 70) at ¶¶ 5, 8.

---

[1] Grand Di, Uwitstar, Ahern Li, Alvin Luo, Anroop, Antique Guyue, Belicious Helper, BESTOYARD, Carter Zhang, Covenant of Nauru, dianzi xingyuan, Feperig, GentleFang, gansh hanyim electronic, Herlloy, Ibuywill, Liunmiao, Lanege, maggie Song, Nasiratoon, R.Homing, ShanXiPengXiao, Star Aier, Theo Lian, WChiho Q, Jagogh Yson, The taste of cooking, Joan Yue, JIEYIZEN, Liguanbao, Rushijin, Veronic, minlixin, Sanlugu, Mingsyu, Shannoy, MLINS Ulthilift, Qiysamall, hongheyi, Yjiayi and Weiweiguan.

To establish a likelihood of success on the merits, a patentee must show (1) the likelihood of the patentee's success on the merits; (2) irreparable harm the patentee will suffer absent injunctive relief; (3) the balance of hardships between the parties; and (4) the public interest. *See* AT&T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). Each will be discussed in turn.

### 1. Plaintiff has Established the Likelihood of Success on the Merits.

To establish the likelihood of success on the merits, the moving party "must prove that success in establishing infringement is more likely than not." Trebro Mfg., Inc. v. Firefly Equip., LLC, 748 F.3d 1159, 1166 (Fed. Cir. 2014) (internals omitted). Grand Di Defendants do not challenge the validity of the '674 Patent. This, coupled with the presumption of validity for issued patents, such as the '674 Patent, establishes a likelihood of success on this issue. Tinnus Enters., LLC v. Telebrands Corp., 846 F.3d 1190, 1205 (Fed. Cir. 2017); 35 U.S.C. § 282. Thus, the issue turns on whether it is more likely than not that Grand Di Defendants' accused products infringe on the '674 Patent.

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article." Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1293 (Fed. Cir. 2010). A two-step analysis is used to determine whether a design patent has been infringed. The first step is to properly construe the claim to determine its meaning and scope. Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995). The second step is to compare the construed claim to the accused design to see if an infringement exists. *Id.*

> a. Claim Construction: The design elements, in combination with each other, are integral to the flamingo's overall design.

The '674 Patent claims an "ornamental design for an inflatable flamingo ring toss toy." Pl.'s Reply ECF banner p. 2. Grand Di Defendants argue that the claim scope of the '674 Patent

2

is narrow as it does not extend to the "general design concept of an inner tube float with a flamingo head, neck, beak, and wings," Grand Di Defs.' Resp. 5–6, but rather the minimal ornamentation included in these functional features, *id*. at 7.  Grand Di Defendants also argue that the upward head position is functional rather than ornamental because it is needed to serve the purposes of a ring toss toy.  *Id*.  This argument is rejected.

To determine whether a feature is functional, the relevant inquiry is "whether the function performed by the features in question could be accomplished by other designs."  Am. Beverage Corp., 936 F. Supp. 2d 555, 588 (W.D. Pa. 2013) (citing Herbko Int'l, Inc. v. Gemmy Indus. Corp., 916 F. Supp. 322, 326 (S.D.N.Y. 1996)).  Here, and significantly, Grand Di Defendants' argument that the neck and head are purely functional to catch rings is belied by the existence of alternative flamingo ring toss pool game designs.  *See* Pl.'s Reply 5–6 (referencing flamingo ring toss floaties with open eyes, s-shaped neck, two-sectioned beak, etc.); Am. Beverage Corp., 936 F. Supp. at 588 ("Demonstrating [t]he presence of alternative designs can be a significant factor in finding that claimed elements are not functional.") (internal quotations omitted).  Rather than incorporating any elements from these alternative designs to differentiate their product, Grand Di Defendants chose to copy Plaintiff's design.[2]

---

[2] Courts also may consider the following factors:

> whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.

Richardson v. Stanley Works, Inc., 610 F. Supp. 2d 1046, 1049–50, (D. Ariz. 2009) (quoting Berry Sterling Corp. v. Prescor Plastics, Inc., 122 F.3d 1452, 1456 (Fed. Cir. 1997)).  Plaintiff failed to address these factors regarding the Grand Di Defendants, *see generally* Pl.'s Reply, but did so in Plaintiff's Reply to now terminated Defendant Dream Fun, *see* Pl.'s Reply (Doc. 39).

Additionally, Grand Di Defendants' argument ignores the fact that structural elements are only eliminated from the claimed ornamental design if the overall claimed design is dictated by function, which it is not. *See* L.A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1123 (Fed. Cir. 1993); *see also* Keystone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444, 1450 (Fed. Cir. 1993) ("It is the appearance of a design as a whole which is controlling in determining questions of patentability and infringement.") (citations omitted). Significantly, and as Grand Di Defendants concede, *see* Grand Di Defs.' Resp. 6–7, the Federal Circuit has found that ornamental aspects of design features are nonetheless protected, *id*. (citing cases), and that courts must still consider whether certain ornamental aspects of otherwise functional elements contribute to a design's overall ornamentation, *see, e.g.*, Sport Dimension, Inc. v. Coleman Co., 820 F.3d 1316, 1321 (Fed. Cir. 2016) ("But in no case did we entirely eliminate a structural element from the claimed ornamental design, even though that element also served a functional purpose."). Thus, the Court finds that the neck and head elements in Plaintiff's design, combined with the unique facial features, contribute to the overall ornamentation of the design.

Further, even if the head and neck were functional, which they are not, a side-by-side comparison of the claimed and accused design of the flamingo's face and two-dimensional wings illustrate that both the '674 Patent and Grand Di Defendants' flamingo inflatable with two-dimensional wings include the following identical features:

> 1) closed half-moon eyes with exactly three thick, straight eyelashes, 2) a thin smile, 3) a beak segmented into three sections, with the mouth beginning to curve upwards into the smile in the first section closest to the eye, 4) an upwardly facing head, 5) a dot on the flamingo's cheek, and 6) a two-dimensional feather pattern on the circular tube body.

---

Plaintiff's arguments there were persuasive but not relied upon here given the significant factor of pointing to alternative designs was satisfied here.

Pl.'s Reply ECF banner p. 2.  These features are readily apparent in Plaintiff's claim chart below:

**CLAIM CHART**
**FOR UNITED STATES PATENT NO. D858,674**

| Plaintiff's Patent # D858,674 | Defendant's product image |
|---|---|
| Fig. 1 of Pat. 674' | |
| Fig. 3 of Pat. 674' | |
| Fig. 4 of Pat. 674' | |

The obvious difference lies with Grand Di Defendants' version of their flamingo ring toss toy with the three-dimensional wings.  Although the protruding wings provide functional characteristics, the three-dimensional wings, again, combined with the unique facial features, contribute to the overall ornamentation of the design.

b.  <u>Infringement:  Plaintiff has demonstrated that it is more likely than not that an ordinary observer would view Defendants' products substantially the same as the '674 Patent</u>.

As to infringement, Plaintiff has demonstrated that it is more likely than not that an ordinary observer would view Grand Di Defendants' products substantially the same as the '674 Patent and would be induced to purchase one supposing it to be the other.

Infringement occurs for design patents "when a defendant applies a patented design or any colorable limitation thereof, to any article of manufacture for the purpose of sale . . . or makes uses, offers to sell, sells or imports any article of manufacture bearing the patented design."  Pl.'s Reply ECF banner p. 4 (quoting 35 U.S.C. § 289 and 35 U.S.C. § 271).  The ordinary observer test is the sole test in determining design patent infringement, which asks, "[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other."  <u>Egyptian Goddess, Inc. v. Swisa, Inc.</u>, 543 F.3d 665, 670 (Fed. Cir. 2008).  An ordinary observer is deceived "[a]s a result of similarities in the overall design, not of similarities in ornamental features considered in isolation."  <u>Amini Innovation Corp. v. Anthony Cal., Inc.</u>, 439 F.3d 1365, 1372 (Fed. Cir. 2006).  If the claimed and accused designs "are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art."  *Id*.  "[T]he patentee bears the ultimate burden of proof to demonstrate infringement by a preponderance of the evidence."  <u>Egyptian Goddess</u>, 543 F.3d at 679.

Here, in the eye of an ordinary observer, the design of Grand Di Defendants' products and Plaintiff's patented design are substantially similar.  Again, with respect to Grand Di

Defendants' products with two-dimensional wings, a side-by-side comparison illustrates that both Plaintiff's and Grand Di Defendants' products include identical features listed *supra* – down to the number of eyelashes.  Thus, the Court finds that Plaintiff has demonstrated patent infringement with the flamingo ring toss toy with two-dimensional wings.

The closer call, however, lies with Grand Di Defendants' flamingo ring toss toy with three-dimensional wings.  Yet, the novelty of Plaintiff's patented design resides in its overall appearance – the wings in combination with the unique face and neck – which creates the same look overall, as viewed by an ordinary observer.  *See* L.A. Gear, Inc., 988 F.2d at 1126.  Thus, the Court finds that Plaintiff has established infringement regarding Grand Di Defendants' flamingo ring toss toy with three-dimensional wings.

Grand Di Defendants' contention that its accused products and the patented design are prevalent in prior art is misguided.  Specifically, Grand Di Defendants argue that a Chinese Copyright No. 00831219 ("'219 Copyright") is "virtually identical to the design depicted in Grand Di Defendants' accused products."  Grand Di Defs.' Resp. 8–10.  As Plaintiff correctly highlights, however, the '219 Copyright is inadmissible hearsay.  Pl.'s Reply 6–10.  Although a court may consider affidavits and hearsay materials at this juncture, Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 718 (3d Cir. 2004), like the '219 Copyright, Grand Di Defendants have failed to offer any evidence certifying or authenticating the '219 Copyright.  *See* Pl.'s Reply ECF banner pp. 6–10.  As such, the Court finds the document unreliable.  Moreover, Grand Di Defendants' arguments based on the '219 Copyright are particularly suspect given that the Copyright was filed with the Chinese Copyright Office a mere 10 days after Plaintiff filed the '674 Patent.  *See* Pl.'s Reply ECF banner p. 7.  Finally, the Court agrees with Plaintiff's contention that Grand Di Defendants also have failed to demonstrate that the design was "in

7

public use, on sale, or otherwise available to the public" prior to the '674 Patent's filing date of July 13, 2019, as required under 35 U.S.C. § 102(a)(1). *Id.* Accordingly, the Court will not rely on the '219 Copyright, and it is excluded from the infringement analysis.

Thus, the Court finds Plaintiff has established the likelihood of success on the merits.

**2. Plaintiff's Irreparable Harm Weighs in Favor of an Injunction**.

Irreparable harm is presumed where, as here, there is a clear showing of patent validity and infringement. *See* Bell & Howell Doc. Mgmt. Prods. Co. v. Altek Systems, 132 F.3d 701, 708 (Fed. Cir. 1997) ("In matters involving patent rights, irreparable harm has been presumed when a clear showing has been made of patent validity and infringement."). The record also supports this presumption. Plaintiff will continue to suffer irreparable harm due to lost exclusivity enjoyed under the Patent Act, diminished market share, goodwill and market reputation, price erosion and the inability to exploit its patented inventions unless Grand Di Defendants are enjoined. Pl.'s Preliminary Inj. Br. 12–16 (citing Shu Decl. ¶¶ 15–17). Significantly, the causal nexus requirement easily is satisfied as the infringing features of Grand Di Defendants' products comprise a small number of relatively simple features that are desired by the consuming public. *See* PCT Int'l Inc. v. Holland Elecs. LLC, 2015 WL 5210628, at *23 (D. Ariz. Sept. 8, 2015), aff'd, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016). Moreover, a monetary judgment cannot fully address Plaintiff's harms. Pl.'s Preliminary Inj. Br. 12–16 (citing Shu Decl. ¶¶ 15–17). Grand Di Defendants are foreign corporations that allegedly continuously hide or change their identities, providing little assurance that Plaintiff could collect monetary damages. *See, e.g.*, Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1155 (Fed. Cir. 2011). Thus, Plaintiff has demonstrated that it will suffer irreparable harm.

**3. The Balance of the Parties' Hardships Weigh in Favor of an Injunction**.

As Plaintiff correctly argues, it will be unable to compete fairly in the market for which it obtained the rights of exclusivity afforded by the Patent Act absent a preliminary injunction. Pl.'s Preliminary Inj. Br. 16–17.  Conversely, Grand Di Defendants merely will be required to "do no more than refrain from what they have no right to do in the first place."  Philip Morris USA Inc. v. 5 Bros. Grocery Corp., 2014 WL 3887515, at *6 (E.D.N.Y. Aug. 5, 2014).  Thus, the Court finds that this requirement has been satisfied.

**4. A Preliminary Injunction Serves the Public Interest.**

The Court finds that the public generally is served by the enforcement of Plaintiff's patent rights.  *See* Apple, Inc. v. Samsung Elecs. Co., 809 F.3d 633, 646–47 (Fed. Cir. 2015) ("[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his invention.").  Inventors, like Plaintiff, will be incentivized to continue to develop new products and seek patent rights and protections for the potential consumption of such products by the public.  *See* Pl.'s Preliminary Inj. Br. 18.  Moreover, an injunction will avoid the false impression to the public that Plaintiff granted a license or authorized Grand Di Defendants to sell their infringing products.  *Id*.  Thus, the Court finds that the public interest weighs in favor of granting a preliminary injunction.

**B.  <u>The Scope of Grand Di Defendants' Asset Restraint is Proper</u>**.

Grand Di Defendants contend that the asset freeze should be limited to the specific amount of the profits that Plaintiff is likely to recover, "*if the amount of profits is* known." Grand Di Defs.' Resp. 12.  The Court generally agrees with this principle, but not here.  Grand Di Defendants' argument ignores the obvious fallacy in their logic — that Grand Di Defendants' *overall* profits related to the flamingo floatie can be known.  Perhaps, this is by design.  Despite

9

Grand Di Defendants listing some specific amounts of profit linked to the sale of their products, *see id.* at 15–16, as Plaintiff points out, Pl.'s Reply 10–11, that amount is limited to Amazon sales, leaving unknown the complete accounting of Grand Di Defendants' sales derived from other platforms.  Moreover, all declarations regarding the sales associated with shipping the Grand Di Defendants' products to Pennsylvania (or the alleged lack thereof), *see* Shifang Li Decl. (Doc. 25-2), Ruidi Zhang Decl. (Doc. 25-3), Can Liu Decl. (Doc. 25-4), Lan Qin Decl. (Doc. 25-5), are inaccurate on their face.  The fact that four "administrators" operate more seller accounts than allowed under Amazon's seller policy, *see e.g.*, Lan Qin Decl. ¶ 2 (admitting it operates twenty (20) Amazon stores just to sell the flamingo product), only underscores the clandestine nature of Grand Di Defendants' operations, making it infeasible, if not impossible for Plaintiff to know the complete accounting of the specific profits tied to the sale of the flamingo product.  Thus, the Court finds that the asset restraint is proper.[3]

## II.    ORDER

Plaintiff's Motion for Preliminary Injunction (Doc. 5) is **GRANTED**.

IT IS SO ORDERED.

---

[3] As an initial matter, a request for relief included in a brief – and not by motion – is an inappropriate vehicle for Grand Di Defendants' request for dismissal for lack of personal jurisdiction.  FED. R. CIV. P. 7 ("A request for a court order must be made by motion.").  Nonetheless, the Court finds Plaintiff has demonstrated the requisite showing of minimum contacts needed for the Court to exercise personal jurisdiction over Grand Di Defendants.  *See* Pl.'s Reply to Grand Di Suppl. Br. (Doc. 40) 8–9 (citing evidence of Grand Di Defendants offering to sell and selling infringing products to consumers residing in Pittsburgh, Pennsylvania).  Plaintiff's injury stems from such actions, and the Court sees no unfairness in subjecting Grand Di Defendants to this jurisdiction given that they structured their online storefronts to serve consumers across the nation, if not the globe, including Pennsylvania.  The Court does not find Grand Di Defendants' declarations credible on the matter, and Grand Di Defendants' declarants did not appear at the preliminary injunction hearing to attempt to clarify the record.  Additionally, to the extent Grand Di Defendants contend that they are unrelated to one another, the Court does not find this argument credible either given that the images used to advertise the infringing products are identical for each online storefront, and the scope and

April 11, 2025                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

interworking of their operations are either contradictory or unknown. *Compare* Shifang Li Decl. (declaring that Shifang Li operates Herlloy and R.Homing) *with* Grand Di Defendants' Corporate Disclosures (Doc. 57) (certifying that Falian Yang and shenzhenshiyongzhishunmaoyiyouxiangongsi does business as Herlloy; and Xiaoyan Cao and guangzhou guichao keji youxiangongsi does business as R.Homing); *compare* Ruidi Zhang Decl. (declaring that Ruidi Zhang operates Rushijin) *with* Corporate Disclosures (certifying that Ling Yanhong and Guangzhourushijinpinkejiyouxiangongsi does business as Rushijin); *compare* Can Liu (declaring, *inter alia*, Can Liu operates Alvin Luo) *with* Corporate Disclosures (certifying that Weiyong Luo and guangzhou xianghejurui keji youxiangongsi does business as Alvin Luo); *compare* Lan Qin Decl. (declaring, *inter alia*, Lan Qin operates Gansh) *with* Corporate Disclosures (certifying that Liu gang and guangzhouliugangshangmaoyouxiangongsi does business as Gansh). Thus, the Court finds that personal jurisdiction is proper as to Grand Di Defendants.

Moreover, Grand Di Defendants also are subject to personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). Here, Plaintiff's infringement claim is based upon federal law, Grand Di Defendants have failed to identify an alternative forum in which they would be subject to jurisdiction and the exercise of jurisdiction is consistent with the laws of the United States and the Constitution.

11